### Patrick E. Shanahan v. Knickerbocker Ice Company.

1. QUESTIONS OF FACT—*Time of Furnishing Materials.*—Where a person signed an agreement to be responsible for materials furnished for the erection of a house, the question as to whether some of the material was furnished before the agreement was signed, is one of fact for the jury.

Assumpsit, for materials furnished. Appeal from the County Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

CHASE & DURAND and C. S. CUTTING, attorneys for appellant.

MATZ & FISHER, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

This was a suit brought by appellee against appellant for the recovery of the price of certain material alleged to have been furnished by appellee to one Lunquist. The cause of action is founded upon a writing as follows:

"January 30, 1893.

Knickerbocker Ice Company :

I hereby agree to be responsible to you for any material you may furnish L. Lunquist for my building, 84th and Calumet avenue.

P. E. Shanahan,
6025 State street."

Prior to the making of this undertaking, appellee had, at the request of Dr. Lunquist, hauled materials near to where he was building for appellant, leaving the articles on the prairie near the street. The materials were charged to Lunquist. He testified that he did not get any material from the Knickerbocker Ice Company until appellant went security. That he could not get the material until he had security.

Appellant himself testified that he went over to see why "they didn't deliver the stuff to Lunquist;" that they told him it was all out there; that he signed the contract for the stuff to be delivered.

The defense interposed was that most of the materials had been delivered before the promise was signed. We do not think that the evidence so shows.

Articles had been taken to the building, but control over them had not been, and was not parted with, until after appellant became surety.

The judgment of the County Court is affirmed.